# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20223-Civ-TORRES

ZORAIDA CATANO,

      Plaintiff,

v.

PAULINE CAPUANO and
TRAVIS SCHIRATO,

      Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION TO STAY DISCOVERY

This matter is before the Court on Pauline Capuano's ("Defendant") motion to stay discovery [D.E. 145] pending resolution of her motion to dismiss. [D.E. 142]. Zoraida Catano ("Plaintiff") responded to Defendant's motion on November 7, 2019 [D.E. 148] to which Defendant replied on November 14, 2019. [D.E. 152]. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendant's motion is **DENIED**.

## *I. BACKGROUND*

In 2006, Mauricio Capuano ("Mr. Capuano"), as the sole shareholder, incorporated his company, GSA Realty. [D.E. 1 at ¶¶ 10, 12]. A few months after GSA Realty's formation, the company purchased real property (the "Property") in

1

Miami for $2,600,000.[1] *See id*. at ¶ 11. In 2007, Mr. Capuano separated from his wife, Mrs. Capuano, and remained estranged from her until his death in January 2014. *See id*. at ¶ 13. After the separation, Mr. Capuano began a romantic relationship with Plaintiff, in Guatemala, which resulted in a daughter who was born in November 2008. In the meantime, Mrs. Capuano moved to the Netherlands.

Several years later, in October 2013, Travis Schirato ("Mr. Schiarto"), Mrs. Capuano's nephew and a convicted felon, executed a purchase and sale agreement, to sell GSA Realty's Miami property to Laurinus Pierre and Michele Jean Gilles for $2,300,000. At the time, Mr. Schirato held no position with GSA Realty nor did he have any ownership interest in the company. A few months later, Mr. Capuano died in Miami on January 2, 2014. According to Mr. Capuano's 2009 will – submitted for probate in Guatemala – he devised half of his estate to Plaintiff and the other half to his adult daughter, Graziela Capuano.[2]

After Mr. Capuano's death, Plaintiff alleges that Defendants held a series of telephone calls in which they discussed the pending sale of the Property, agreed to embezzle the proceeds from GSA Realty, and to conceal the embezzlement through a series of transfers and financial transactions. Purporting to act on GSA Realty's behalf, Mr. Schirato, nearly three months after Mr. Capuano's death, attended the closing of the sale, receiving $300,000 on behalf of GSA Realty and obtaining a promissory note from the buyers for $2,000,000, also payable to GSA Realty.

---

[1]     The Property is located at 12901 Biscayne Bay Drive, Miami, Florida 33161.
[2]     Mr. Capuano executed his will five years prior to his death.

2

Immediately after the closing on March 25, 2014, Mr. Schirato transferred the $300,000 from GSA Realty to himself or corporate entities under his control. Mr. Schirato then transferred $114,000, out of the $300,000, to Mrs. Capuano who then transferred those funds to a personal bank account in Guatemala. Plaintiff believes that, thereafter, Mr. Schirato transferred $26,666.68 in interest payments on the property to himself or his corporate entities. Subsequently, without any authority to do so, Mr. Schirato advised the buyers, by letter, that servicing of the loan was being transferred from GSA Realty to Mr. Schirato, individually. After the buyers sent him another series of interest payments, totaling $40,000.02, Mr. Schirato sent them another letter, stating that he had assigned the next thirty-six payments to two individuals in New York.

A short time later, on August 20, 2014, Mr. Schirato executed a balloon note endorsement and assignment of mortgage deed, in exchange for a substantial sum, purporting to assign the note from GSA Realty to the individuals in New York. Thereafter, Plaintiff alleges that Mrs. Capuano and Mr. Schirato persisted in conspiring to hide the embezzled funds, with Mrs. Capuano making false representations to the probate court and further impeding the recovery of estate assets, continuously through the time of the filing of Plaintiff's complaint.

## II.   ANALYSIS

On September 25, 2019, Defendant filed a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim. [D.E. 142]. Afterwards, Plaintiff served Defendant with interrogatories and a

request for production to determine where Defendant is domiciled for purposes of diversity jurisdiction. Defendant then filed a motion to stay discovery because the discovery requested seeks sensitive and invasive financial information. Defendant claims that her motion to dismiss disposes of the entire action and that the Court should not permit anymore discovery given the burdensome costs that Defendant has incurred in litigating this case. Therefore, Defendant requests that discovery be stayed and that the Court dispose of the pending motion to dismiss.

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."). Additionally, "[m]atters pertaining to discovery are committed to the sound discretion of the district court." *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990).

To prevail on a motion to stay, Defendant must demonstrate reasonableness and good cause. "While overall stays of discovery may be rarely granted, courts have held good cause to stay discovery exists wherein 'resolution of a preliminary

4

motion may dispose of the *entire action.*'" *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla.), *aff'd,* 87 F. App'x 713 (11th Cir. 2003) (emphasis added) (quoting *Association Fe Y Allegria v. Republic of Ecuador,* 1999 WL 147716 (S.D.N.Y. Mar. 16, 1999)); *see also Patterson,* 901 F.2d at 927 (holding district court did not abuse its discretion by staying discovery where pending dispositive motions gave court enough information to ascertain further discovery not likely to produce a genuine issue of material fact); *Feldman v. Flood,* 176 F.R.D. 651 (M.D. Fla. 1997) (holding stay of discovery not appropriate unless pending dispositive motion would dispose of entire action); *Spencer Trask Software and Information Services, LLC v. Rpost International Limited,* 206 F.R.D. 367 (S.D.N.Y. 2002) (holding good cause for discovery stay exists where dispositive motion has been filed and stay is for short time period that does not prejudice opposing party); *Simpson v. Specialty Retail Concepts, Inc.,* 121 F.R.D. 261 (M.D.N.C. 1988) (setting up balancing test for stays of discovery).

"In evaluating whether the moving party has met its burden, a court 'must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and *entirely* eliminate the need for such discovery.'" *Bocciolone v. Solowsky*, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (emphasis added) (quoting *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)). This means that courts generally take a "preliminary peek at the merits of [the] dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Feldman,* 176 F.R.D. at 652-53. It is also well established that a stay

5

is rarely granted unless resolution of the motion will dispose of the entire case. *See Gibbons v. Nationstar Mortg. LLC*, 2015 WL 12840959, at *1 (M.D. Fla. May 18, 2015) ("Overall, stays of discovery are seldom granted, but courts have held that good cause to stay discovery exists when resolution of a dispositive motion may dispose of the entire action.") (citing *Patterson*, 901 F.2d at 929 (holding that the district court did not abuse its discretion by staying discovery where a pending dispositive motion gave the court enough information to ascertain that further discovery was not likely to produce a genuine issue of material fact); *Feldman*, 176 F.R.D. at 652–53 (holding that a stay of discovery was not appropriate where pending motion to dismiss was not case dispositive)).

Here, there is an open question as to whether the Court has diversity jurisdiction because it is unclear as to where Defendant is domiciled. Plaintiff alleges that Defendant is a citizen of the United States and domiciled in Florida. Defendant argues, however, that she is domiciled in the Netherlands. [D.E. 142]. Defendant also reasons that subject matter jurisdiction does not exist because, without a federal question[3] presented, Plaintiff – as a citizen of Columbia and a resident of Guatemala – cannot sue another alien in federal court. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011) ("[A]lienage jurisdiction prohibits an alien from suiting another alien in federal court unless the suit includes U.S. citizens as plaintiffs and defendants."). Because it is undisputed that Defendant is domiciled outside of the United States, Defendant

---

[3] Plaintiff's amended complaint asserts claims for civil theft, constructive fraud, conversion, breach of fiduciary duty, and conspiracy. [D.E. 138].

6

requests that discovery be stayed to conserve resources for both the parties and the Court.

Defendant's argument, at first blush, is well taken because 28 U.S.C. § 1332(a) was not "intended to extend the reach of the Court's diversity jurisdiction beyond its traditional bounds and thereby permit a foreign alien to sue another alien living in another state." *Banci v. Wright*, 44 F. Supp. 2d 1272, 1275 (S.D. Fla. 1999). That is, if Defendant is domiciled as a foreign alien, she has a viable argument that this case may be dismissed in its entirety and that a stay of discovery is appropriate. *See S.K.Y. Mgmt. LLC v. Greenshoe, Ltd.*, 2007 WL 201258, at *2 (S.D. Fla. Jan. 24, 2007) (noting that a motion to stay is appropriate where a pending motion to dismiss will "result in a resolution of the entire case.").

But, Defendant's argument with respect to her domicile is inconsistent with her prior statements in this case. When Plaintiff filed her initial complaint in January 2018, she alleged that Defendant was a resident of the Netherlands. [D.E. 1]. This is consistent with Defendant's representation in her motion to dismiss for lack of subject matter jurisdiction. However, when Defendant filed her answer to Plaintiff's initial complaint in January 2019, Defendant denied that she was domiciled in the Netherlands. [D.E. 54]. It is therefore uncertain as to *where* Defendant is domiciled because she previously denied being domiciled in the Netherlands and now claims the exact opposite in her motion to dismiss.[4] Because

---

[4] Plaintiff also suggests that public arrest records establish that Defendant was the recent holder of a Florida driver license as recent as 2015.

7

there is conflicting evidence in the record as to where Defendant is domiciled, it would be unwise and premature to dispose of the motion to dismiss until Defendant's domicile can be conclusively determined.[5]

Defendant then claims that, if the Court takes a preliminary peek at her motion to dismiss, Plaintiff's complaint fails to state a claim and should otherwise be dismissed on res judicata grounds. But, Defendant fails to articulate with any specificity how Plaintiff's complaint will be dismissed, and more importantly, how it will be dismissed with prejudice. *See Rubinstein v. Keshet Inter Vivos Tr.*, 2018 WL 3730868, at *3 (S.D. Fla. Apr. 27, 2018) "[W]e are unconvinced that Plaintiffs' entire complaint will be dismissed, and even more doubtful that the pleading will be dismissed with prejudice."). In any event, the Court has taken a preliminary peek at the motion to dismiss and we cannot conclude that the arguments presented are "clearly meritorious and truly case dispositive." *McCabe*, 233 F.R.D. at 685. This does not mean that Defendant's arguments lack merit. It merely means that the

---

[5] Defendant also fails to consider that, if the parties are not diverse, the Court may in its discretion retain the case pursuant to 28 U.S.C. § 1367 because the Court dismissed the federal question over which the Court had its original jurisdiction. *See Smith v. City of Tallahassee*, 2019 WL 5205969, at *4 (11th Cir. Oct. 16, 2019) ("A federal court has supplemental jurisdiction over state law claims when they 'are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'") (quoting 28 U.S.C. § 1367(a)). Thus, even if Defendant is not diverse, the Court is inclined to retain jurisdiction because of the time expended litigating this case, judicial economy, convenience, fairness, and comity. *See Smith v. City of Tallahassee*, 2019 WL 5205969, at *4 (11th Cir. Oct. 16, 2019) ("The court should consider 'judicial economy, convenience, fairness, and comity' in exercising its supplemental jurisdiction.") (quoting *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002)).

Court cannot determine – without the entire record presented – that this case should be dismissed.

While we recognize the desirability of Defendant to eliminate costs whenever possible, this case does not present an appropriate opportunity to do so. To the extent Defendant finds that Plaintiff's requests are grossly overbroad or unduly burdensome, Defendant may object or move, if necessary, for a protective order to assuage the cost of production. *See* Fed. R. Civ. P. 26. Accordingly, Defendant has not met her burden and her motion for a stay of discovery is **DENIED**.

### III.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's motion to stay discovery pending the outcome of her motion to dismiss is **DENIED**. [D.E. 145]

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of November, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge