UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20223-Civ-TORRES

ZORAIDA CATANO,

      Plaintiff,

v.

PAULINE CAPUANO and
TRAVIS SCHIRATO,

      Defendants.
_____/

**ORDER ON PLAINTIFF'S MOTION
FOR AN EXTENSION OF TIME TO COMPLETE DISCOVERY**

This matter is before the Court on Zoraida Catano's ("Plaintiff") motion for an extension of time to complete discovery. [D.E. 151]. Pauline Capuano's ("Defendant") responded to the motion on December 11, 2019 [D.E. 163] to which Plaintiff replied on December 18, 2019. [D.E. 165]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiff's motion is **DENIED**.

On October 8, 2019, Plaintiff served Defendant with a second set of interrogatories and a second request for production. The purpose of these discovery requests was to gather information on Defendant's domicile so that Plaintiff could provide a meaningful response to Defendant's motion to dismiss for lack of subject matter jurisdiction. However, Plaintiff alleges that Defendant failed to respond to

1

Plaintiff's discovery requests. Plaintiff therefore seeks an extension of the discovery period so that the parties can attend the next available discovery hearing and compel Defendant to provide a response. If an extension is not granted, Plaintiff suggests that she will unable to respond to the pending motion to dismiss because it is unclear where Defendant is domiciled.

We agree with Plaintiff that, generally speaking, a plaintiff should be allowed to conduct discovery prior to a dismissal of a case for a lack of subject matter jurisdiction. *See, e.g.*, *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731 (11th Cir. 1982) ("We hold that the district court's dismissal for lack of subject matter jurisdiction was premature. Plaintiff must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction."); *Blanco v. Carigulf Lines*, 632 F.2d 656, 658 (5th Cir. 1980) ("We merely hold that the rules entitle a plaintiff to elicit material facts regarding jurisdiction through discovery before a claim may be dismissed for lack of jurisdiction.").

But, as the Court stated in the Order denying Defendant's motion to stay [D.E. 153], the Court may retain jurisdiction over this case pursuant to 28 U.S.C. § 1367. When Plaintiff originally filed this case in federal court on January 18, 2018, Plaintiff relied on a federal question and a theory that Defendant violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"). On July 11, 2019, the Court granted in part and denied in part Defendant's motion for summary judgment and dismissed the federal question over which the Court had its original jurisdiction. [D.E. 129].

After giving Plaintiff leave to amend her complaint, Plaintiff included *only* state claims. The prior state law claims were before the Court as supplemental claims under the federal RICO statute. The question is then whether the Court has supplemental jurisdiction over the state law claims in the amended pleading given the absence of a federal question. The parties go back and forth on whether there is complete diversity between the parties and whether discovery is needed to resolve that question.[1] But, the dispute between the parties misses the forest for the trees because diversity is not the only alternative for the Court to retain jurisdiction.

The Court may also inquire into whether there is supplemental jurisdiction basis to support Plaintiff's state law claims. The Court's inquiry is two-fold. "First, the Court must decide whether it has the power to hear the state law claims. Second, if the Court does have the power to hear the state claims, the Court must decide whether, in its discretion, it will retain jurisdiction over the state claims." *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 725–26 (1966)).

The question of whether subject matter jurisdiction exists is measured at the time the complaint was filed. *See In re Carter,* 618 F.2d 1093 (5th Cir. 1980). When Plaintiff filed her initial complaint, she included a federal question and her state law claims were a proper exercise of the Court's supplemental jurisdiction. *See* 28

---

[1] It is clear that there is no diversity of citizenship if both parties are foreign citizens because "[a]lienage jurisdiction prohibits an alien from suiting another alien in federal court unless the suit includes U.S. citizens as plaintiffs and defendants." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011).

U.S.C. § 1367(a) (1994); *see also Palmer v. Hospital Authority of Randolph County*, 22 F. 3d 1559, 1567 (11th Cir. 1994).

After the Court dismissed the federal claim, Plaintiff filed an amended complaint. While this amended complaint only contained state law claims, "[t]he dismissal of [Plaintiff's] underlying federal question claim [did] not deprive the Court of supplemental jurisdiction over the remaining state law claims. *Baggett*, 117 F.3d at 1352 (citing *Palmer,* 22 F.3d at 1568; *Edwards v. Okaloosa County,* 5 F.3d 1431, 1433–35 (11th Cir. 1993)). "Indeed, under 28 U.S.C. § 1367(c), the Court has the discretion to decline to exercise supplemental jurisdiction over non-diverse state law claims, where the Court has dismissed all claims over which it had original jurisdiction, but is not required to dismiss the case." *Baggett*, 117 F.3d at 1352 (citing *Palmer,* 22 F.3d at 1567-68).

Here, § 1367(c) applies because the Court "has dismissed all claims over which it has original jurisdiction;" namely, Plaintiff's claim against Defendant under the federal RICO statute. *See* 28 U.S.C. § 1367(c). "While § 1367(c) permits a court to dismiss any state law claims where the court has dismissed all the claims over which it had original jurisdiction, the court also can consider other factors." *Baggett*, 117 F.3d at 1353. The Court can consider, for example, judicial economy, convenience, fairness, and comity on the question of whether the Court should continue to exercise supplemental jurisdiction. *See Smith v. City of Tallahassee*, 2019 WL 5205969, at *4 (11th Cir. Oct. 16, 2019) ("The court should consider 'judicial economy, convenience, fairness, and comity' in exercising its supplemental

4

jurisdiction.") (quoting *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002)).

The Eleventh Circuit has advised that the resolution of only state law claims should generally be decided in state court. *See*, e.g., *Baggett*, 117 F.3d at 1353 ("State courts, not federal courts, should be the final arbiters of state law.") (citing *Hardy v. Birmingham Bd. of Educ.,* 954 F.2d 1546, 1553 (11th Cir. 1992)). This is typically the case when a district court dismisses a federal claim prior to trial. *See, e.g.*, *Eubanks v. Gerwen,* 40 F.3d 1157 (11th Cir. 1994) (remanding case to district court to dismiss plaintiff's state law claims where court had granted summary judgment on plaintiff's federal law claims); *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("When federal law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966) (dismissal of state law claims strongly encouraged when federal law claims are dismissed prior to trial).

But, while a district should usually remand a case with the dismissal of a federal question, this is not a mandatory rule. *See Carnegie-Mellon Univ.*, 484 at 350 ("[W]e have made clear that this statement does not establish a mandatory rule to be applied inflexibly in all cases.") (citing *Rosado v. Wyman,* 397 U.S. 397, 403–405 (1970)). "The statement simply recognizes that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness,

5

and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7. Therefore, although a district court ultimately has discretion to retain a case, it should consider these factors carefully in making that determination.

In this case, the Court has considered the factors articulated above and finds that the better course is to retain jurisdiction. The parties have litigated this case for approximately two years and the Court is well aware of the claims presented. Indeed, in granting in part and denying in part Defendant's motion for summary judgment, the Court recommended some of the state law claims that Plaintiff should have pursued in lieu of a federal RICO claim. This means that, although the federal claim is no longer present, the state law claims are inextricably tied to the same underlying theory of liability and are not so novel as to justify dismissal. *See Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006) ("Generally, state tort claims are not considered novel or complex.").

Accordingly, Plaintiff's motion for an extension of the discovery period is **DENIED** because – irrespective of whether the parties are diverse – the Court will retain, for now, jurisdiction over this case pursuant to 28 U.S.C. § 1367. Plaintiff shall file her response to Defendant's motion to dismiss within twenty-one (21) days from the date of this Order.[2]

---

[2] The Court notes the new argument in Defendant's motion that this amended complaint triggers the probate exception. That issue has not been considered, but will have to be adjudicated in response to the pending motion to dismiss.

6

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of December, 2019.

                                                      /s/ *Edwin G. Torres*
                                                      EDWIN G. TORRES
                                                      United States Magistrate Judge