**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-20223-Civ-TORRES

ZORAIDA CATANO,

       Plaintiff,

v.

PAULINE CAPUANO and
TRAVIS SCHIRATO,

       Defendants.
_____/

## ORDER ON THE CURATOR'S MOTION TO INTERVENE

This matter is before the Court on David Carlisle's (the "Curator") motion to intervene. [D.E. 149]. Pauline Capuano ("Defendant" or "Mrs. Capuano") responded to the Curator's motion on December 10, 2019 [D.E. 162] to which the Curator replied[1] on December 17, 2019. [D.E. 164]. Therefore, the Curator's motion is now ripe for disposition. After careful consideration of the motion, response, reply, and relevant authority, and for the reasons discussed below, the Curator's motion to intervene is **DENIED**.[2]

---

[1] Zoraida Catano ("Plaintiff" or "Ms. Catano") filed a reply in support of the Curator's motion.

[2] On March 22, 2019, the parties consented to the jurisdiction of the undersigned Magistrate Judge. [D.E. 84].

1

## I. ANALYSIS

The purpose of the Curator's motion is to intervene in this action pursuant to Federal Rule of Civil Procedure 24. When Plaintiff filed this action against Defendant on January 18, 2019 [D.E. 1], the Curator claims that Plaintiff had no other option to seek relief for Defendant's conduct because Defendant was the personal representative of the decedent's estate. The Curator then argues that Judge Cueto of the Probate Division of the Eleventh Judicial Circuit Court for Miami-Dade County (the "Probate Court") removed Defendant as the personal representative on August 20, 2018. Following Defendant's removal, the Probate Court appointed the Curator on October 2, 2018 and directed him to "defend all lawsuits and hire such counsel to represent the Curator and the Estate in such matters with the approval of the Court." [D.E. 149-2]. On March 6, 2019, the Curator filed in Probate Court a request to seek federal intervention and to use the same attorneys that represent Ms. Catano. The Probate Court granted the Curator's request on October 10, 2019. Because the Probate Court gave the Curator permission to seek federal intervention and the Curator is a real party in interest, he requests that he be allowed to intervene in this case for all purposes going forward.

### A. *Intervention of Right*

Federal Rule of Civil Procedure 24 provides two vehicles by which a party may intervene in an action. Intervention of right is governed by Federal Rule of Civil Procedure 24(a), which "continues to set bounds that must be observed. The

original parties have an interest in the prompt disposition of their controversy and the public also has an interest in efficient disposition of court business." 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1904, at 270 (3d ed. 2007). To intervene of right under Rule 24(a)(2), a party must establish that "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Chiles v. Thornburgh,* 865 F.2d 1197, 1213 (11th Cir. 1989) (citing *Athens Lumber Co. v. FEC,* 690 F.2d 1364, 1366 (11th Cir. 1982)). "Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action." *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.,* 983 F.2d 211, 216 (11th Cir. 1993).

The Curator argues that the Court *must* allow him to intervene because his interest in these proceedings is grounded in both statute and the mandate of the Probate Court. The Curator relies, for instance, on Fla. Stat. § 733.607 because it allows a personal representative to "take all steps reasonably necessary for the management, protection, and preservation of the estate until distribution and [to] maintain an action to recover possession of property or to determine the title to it." *Id*. The Curator also references the Probate Court's Order of Appointment that authorizes him to "[i]nstitute and defend all lawsuits and hire such counsel to

3

represent the Curator and the Estate in such matters with the approval of the Court." [D.E. 149-2]. While Plaintiff has adequately represented the interests of the estate, the Curator contends that he should participate in these proceedings going forward to fulfill his responsibilities as the functional equivalent of a personal representative for Ms. Capuano's estate. Therefore, the Curator concludes that his motion to intervene must be granted.

The Curator's motion is unpersuasive for several reasons. First, the motion is entirely conclusory. The Curator suggests that he meets all four requirements to satisfy Rule 24(a). But, the Curator never provides any specifics aside from the fact that Florida law and the Probate Court establish that he is a real party in interest. The Curator does not even address, for example, how his interests would be impaired if the Court denied him intervention, how the existing parties inadequately represent his interests, or how his motion is timely. The Curator's failure to address at least three of the four Rule 24(a) requirements is a reason, by itself, to deny the relief requested. *See, e.g.*, *Ordnance Container Corp. v. Sperry Rand Corp.*, 478 F.2d 844, 845 (5th Cir. 1973) (denying motion to intervene where motion used conclusory language that did not demonstrate why the existing parties could not adequately represent the proposed intervenor's interests); *Dewit v. United Parcel Serv., Inc.*, 2017 WL 3000030, at *1 (N.D. Fla. Mar. 31, 2017) (denying motion to intervene because the proposed intervenor "offer[ed] no evidence to support its claim").

A second reason the Curator's motion is unavailing is because it is untimely. A determination on whether a motion to intervene is timely is within the district court's discretion. *See Maddow v. Procter & Gamble Co., Inc.,* 107 F.3d 846, 854 (11th Cir. 1997) (citing *Stallworth v. Monsanto Co.,* 558 F.2d 257, 263 (5th Cir. 1977)). "[T]imeliness is not limited to chronological considerations but is to be determined from all the circumstances." *Stallworth,* 558 F.2d at 263-64 (citations and internal quotation marks omitted). Importantly, the timeliness inquiry involves the consideration of four factors: (1) the length of time during which the proposed intervenor knew or reasonably should have known of their interest in the case before moving to intervene, (2) the extent of prejudice to the existing parties as a result of the proposed intervenors' failure to move for intervention as soon as they knew or reasonably should have known of their interest, (3) the extent of prejudice to the proposed intervenors if their motion is denied, and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely. *See Chiles,* 865 F.2d at 1213.

Plaintiff filed this lawsuit in January 2018 and the Probate Court appointed him as the Curator of the decedent's estate on October 2, 2018. The Curator then waited until March 2019 to file a motion to request the Probate Court's permission to seek federal intervention. When the Probate Court raised the issue *sua sponte* in October 2019, Plaintiff filed a motion to intervene on November 12, 2019.

Defendant claims that there is no excuse for the Curator's delay in seeking intervention because the Curator had notice of this case when the Probate Court

5

appointed him in October 2018. We agree. While the Curator acknowledges that he waited until March 6, 2019 to file his motion in state court for leave to seek federal intervention, the Curator has presented no explanation as to why it took him almost six months from the date of his appointment to do so. Instead, the Curator focuses on the short amount of time that passed after the Probate Court gave the Curator permission to intervene in October 2019. The Curator claims, for example, that he filed his motion to intervene in November 2019 and that any delay should be attributed to the Probate Court.

The problem with the Curator's position is that he sidesteps the six months it took him to request permission from the Probate Court *after* he was appointed to safeguard the decedent's assets. If the Curator had sought relief sooner in state court and then requested a hearing date on his motion[3], then the Probate Court could have adjudicated his motion at a much earlier date. It therefore stands to reason that the Curator's motion to seek federal intervention would also have been filed much sooner. And the Curator offers no credible explanation as to how his failure to do anything for five to six months after his appointment renders his motion for federal intervention timely.

It is also worth noting that, if the Curator had acted promptly, he would have filed his motion to intervene before the Court expended significant resources in disposing of Defendant's motion for summary judgment and granting Plaintiff leave

---

[3] The Curator contends that he filed a motion for a hearing in March 2019 but that the Probate Court waited until October of that year to dispose of the motion to seek federal intervention.

to file an amended complaint. While a delay of six months does not in and of itself constitute untimeliness, a significant amount of time has passed since the Curator's appointment. *See Meadors v. Knauf Fiberglass*, 2005 WL 2290319, at *1 (M.D. Ala. Sept. 20, 2005) ("The Eleventh Circuit has concluded that a delay of six months does not in and of itself constitute untimeliness.") (citing *Georgia v. United States Army Corps of Eng'rs,* 302 F.3d 1242, 1259 (11th Cir. 2002)). And the Curator's eleventh-hour request to seek intervention has the potential to raise several contentious issues that the Court has already disposed of in lengthy detailed opinions (i.e. the probate exception). The Curator's delay has, in other words, prejudiced the parties and the Court with the possibility of new arguments that could have been considered and ruled upon long ago.

The final reason the Curator's motion is unpersuasive is because he has failed to explain how his interests are inadequately represented by the existing parties to this lawsuit. Instead, the Curator claims the direct opposite in that Plaintiff has, to date, adequately represented the estate's interest and that the Curator merely seeks intervention because he is the real party in interest. This is inadequate to satisfy the requirements of Fed. R. Civ. P. 24(a) because the rule explicitly states that intervention by right is not required if the existing parties adequately represent the intervenor's interest. *See* Fed. R. Civ. P. 24(a) ("On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action . . . unless existing parties adequately represent that interest.").

Courts presume adequate representation where the existing parties and proposed intervenor seek the same objectives. *See Clark v. Putnam Cnty.*, 168 F.3d 458, 461 (11th Cir. 1999). Intervenors may rebut the presumption, however, with contrary evidence. Upon rebuttal, courts apply the general rule that existing parties are adequate representatives "if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed interven[e]r, and if the representative does not fail in fulfillment of his duty." *FSLIC v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir. 1993) (quoting *United States v. United States Steel Corp.*, 548 F.2d 1232, 1236 (5th Cir. 1977)). Meeting this burden is not difficult as intervenors need only produce tangible evidence that the representation "'might be inadequate.'" *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (citing 3B J. Moore, Federal Practice 24.09—1 (4) (1969)).

Yet, in this case, the Curator has directly undermined his own position with a contention that Ms. Catano is adequately representing the interests of the decedent's estate. And if that's the case, then it is unclear as to why the Curator's intervention is necessary at all. The Curator could have set forth more adequate reasons in his motion or reply as to what he meant with this argument and how it meets the requirements under Rule 24. But, as stated earlier, the Curator decided to forego the inclusion of any specifics – leaving his motion in direct contradiction with Rule 24(a). Accordingly, the Curator's motion to intervene as a matter of right is **DENIED**.

### B.  *Permissive Intervention*

The next issue is whether the Curator should be given leave to intervene under the permissive intervention provisions of Rule 24(b). Under Rule 24(b)(2) a district court may permit intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). The decision to allow permissive intervention, however, lies within the sound discretion of the district court. *See Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R.*, 331 U.S. 519, 524 (1947); *see also Mt. Hawley Ins. Co. v. Sandy Lake Prop., Inc.,* 425 F.3d 1308, 1312 (11th Cir. 2005) ("Permissive intervention under Fed. R. Civ. P. 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties.") (quoting *United States Army Corps of Eng'rs,* 302 F.3d at 1250). If there is no right to intervene under Rule 24(a), it is wholly within the court's discretion to allow intervention under Rule 24(b). *See Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996). The Court must also be satisfied that that permissive intervention will not unduly prejudice or delay adjudication of the original parties' rights. *See United States Army Corps of Eng'rs,* 302 F.3d at 1250.

Here, the Curator failed to even address the components of Rule 24(b) and the reasons why he should be allowed to intervene in this case. The Curator's failure to do so is ultimately inconsequential because even if he had done so, the motion would fail for the reasons already stated. The motion is conclusory,

untimely, and there is potential prejudice to the parties given the procedural posture of this case. And given that the Curator failed to meet the requirements of Rule 24(a) and intervention pursuant to Rule 24(b) is "wholly discretionary," the Curator's motion to seek permissive intervention is **DENIED**. *Worlds v. Dep't of Health and Rehabilitative Servs.*, 929 F.2d 591, 595 (11th Cir. 1991).

## II. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the Curator's motion to intervene [D.E. 149] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of February, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge